## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Angelina M. Dix,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0734**    (BOR Appeal No. 2056532)
                          (Claim No. 2021003322)

**Justice Family Group, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Angelina M. Dix appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Justice Family Group, LLC, filed a timely response.[1] The issue on appeal is compensability. The claims administrator rejected the claim on September 3, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its March 19, 2021, Order. The Order was affirmed by the Board of Review on August 24, 2021. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

On July 28, 2020, Ms. Dix, a barback,[2] reported to Hannah Hellems, FNP-C, that she had pain shooting up and down her legs after working ten to twelve hour shifts five or six days a week. Ms. Dix stated that she had used all of her FMLA leave and there were no alternative positions she could work that would allow her to sit during her shift. She was diagnosed with venous peripheral insufficiency, bilateral lower extremity edema, and low back pain with radiculopathy affecting the legs. An x-ray showed chronic changes in the lower thoracic and lumbar spine with reduction of L3-4 disc height space consistent with degenerative disc disease and mild degenerative sclerosis in the lower lumbar facet joints. It was noted that Ms. Dix was tearful and stated that day was her last paid day off. She requested that disability paperwork be completed.

Ms. Dix alleges that she then suffered a low back injury while lifting a fifty-pound keg on August 10, 2020. According to Ms. Dix, she heard a "pop" in her back. Ms. Dix claims that she treated that injury at home, but her lower back stiffened. She then sought treatment from Rainelle

---

[1]Petitioner, Angelina M. Dix, is represented by Reginald D. Henry, and respondent, Justice Family Group, LLC, is represented by Melissa M. Stickler.

[2]A barback is an assistant to a bartender.

Medical Center on August 12, 2020. Ms. Dix denied prior injuries or lower back symptoms that day. Yet, previous treatment notes from Rainelle Medical Center indicate Ms. Dix had preexisting lumbar spine issues including recurrent low back pain, back sprain, nonallopathic lumbar spine lesion, somatic dysfunction of the spine affecting the pelvic region, and lumbar radiculopathy.

The Employees' and Physicians' Report of Injury was completed on September 1, 2020. Ms. Hellems completed the physicians' section and diagnosed low back pain with radiculopathy, paraspinal spasm, and thoracalgia of the lumbar and thoracic spine. The claim was denied on September 3, 2020. By a September 24, 2020, letter, Ms. Dix protested the decision. She stated that though she was supposed to have help lifting the keg, no one helped her. She attempted to move it by herself when she heard a popping sound in her back and developed pain. She stated that she sought treatment and has been under a physician's care since August 12, 2020.

On November 2, 2020, Ms. Dix began treating with Ms. Hellems who noted that Ms. Dix had an acute onset of symptoms on August 10, 2020. When she was treated on August 12, 2020, Ms. Dix refused to complete workers' compensation paperwork, stating that there were no witnesses to her injury, and she would rather have short term disability. It was noted that Ms. Dix reported bilateral lower extremity swelling and bilateral leg pain prior to the compensable injury and had sought treatment for the symptoms prior to the alleged injury. Ms. Hellems opined that Ms. Dix's back pain was the result of a work injury; however, she noted that Ms. Dix's symptoms had varied throughout the course of treatment and did not directly correlate with the diagnostic imaging.

Ms. Dix completed interrogatories on November 11, 2020, in which she reiterated that she injured her back while lifting a fifty pound keg. For the question regarding prior injuries of the affected body part, she responded with "n/a". In a November 20, 2020, handwritten statement, Janey Bowling indicated she spoke with Ms. Dix on multiple occasions while they worked prior to the alleged injury. Ms. Bowling stated that Ms. Dix often complained of lower back pain and mentioned that she was afraid of undergoing surgery due to a risk of paralysis. Rusty Waid completed a handwritten statement on November 30, 2020, in which he stated that he worked with Ms. Dix in June and July of 2020 and she stated several times that her back was "messed up" and she was seeing a physician. Jessica Boggs completed an undated handwritten statement in which she stated that she worked with Ms. Dix and that Ms. Dix told her prior to the alleged injury that she had a deteriorating back condition for which she was going to seek treatment. Jim Bob Bowling also completed an undated handwritten statement in which he asserted that though he worked with Ms. Dix on the night of the alleged injury, he did not witness an injury. He also stated that Ms. Dix had complained of back problems before the alleged injury occurred.

Ms. Dix testified in a December 18, 2020, deposition that she had no lower back issues or treatment prior to the alleged August 10, 2020, injury. She stated that she was injured while lifting a fifty pound keg. She did not immediately report her injury to her coworkers because she did not initially realize how serious it was. When questioned regarding Mr. Waid's statement, Ms. Dix alleged that he was incorrect. Ms. Dix also alleged that Ms. Bowling was incorrect and asserted that their conversations regarding her back pain were after the alleged injury occurred. On cross-examination, Ms. Dix asserted that Ms. Hellems was the only physician she saw prior to the alleged

injury and that she did not seek treatment for her back until August 12, 2020. She also denied talking to any of her coworkers about her condition. Ms. Dix stated that she had a problem with missing work previously due to migraines and that she had taken Family Medical Leave Act time for her migraines. She denied Ms. Hellems's notation that she stated she had used all of her FMLA time or that she was concerned about losing her job. She asserted that many of the things Ms. Hellems included in her record were incorrect. Ms. Dix also testified that she was aware that her answers to interrogatories were supposed to be true and admitted that she did not provide accurate information to such questions.

The Office of Judges affirmed the claims administrator' rejection of the claim in its March 19, 2021, Order. It found that the claim could not be held compensable because Ms. Dix's testimony was unreliable. Ms. Dix asserted that Mr. Waid's statement that she mentioned lower back issues in June and July of 2020, was inaccurate. However, the Office of Judges found that Mr. Waid's statement was supported by the June 28, 2020, treatment note from Rainelle Medical Center diagnosing, among other things, lower back pain with radiculopathy. The Office of Judges noted Ms. Dix's assertion that she applied for FMLA leave for migraines was also determined to be questionable because migraines were not noted in the medical records. The Office of Judges also noted that while Ms. Dix testified that she knew she was supposed to be truthful in interrogatories, she conceded that she was not. Finally, the Office of Judges found that the statements made by Ms. Boggs and Mr. Bowling had not been addressed by Ms. Dix. The Office of Judges concluded that given Ms. Dix's diagnostic testing and treatment notes, dating as far back as January of 2010, it is more likely that the four statements made by her coworkers, that she complained of back pain prior to the alleged injury, are reliable. The Office of Judges ultimately concluded that Ms. Dix was not credible, and her claim was properly denied. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision on August 24, 2021.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code § 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *See Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). In this case, there were no witnesses to the alleged injury. Compensability is not precluded in such cases; however, a claimant such as Ms. Dix must be a credible witness in order for her assertion of an injury to be accepted. In this case, Ms. Dix is not credible because she denies preexisting low back issues when medical records and statements from four different colleagues show otherwise. The claim was properly denied.

Affirmed.

**ISSUED: September 14, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

Justice C. Haley Bunn not participating